UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**BARBARA KOWAL**,

    Plaintiff,

v.

**UNITED STATES DEPARTMENT
OF JUSTICE**,
950 Pennsylvania Avenue, NW
Washington, DC 20530,

and

**DRUG ENFORCEMENT AGENCY**
Freedom of Information Request/PA Unit
8701 Morrissette Drive
Springfield, VA 22152

    Defendants.

Judge _____

Civil Action No. 1:18-cv-938

### COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974 (Privacy Act), 5 U.S.C. § 552(a), to order the production of agency records possessed and improperly withheld by the United States Department of Justice (DOJ) and the Drug Enforcement Administration (DEA) concerning criminal offenses it investigated. Plaintiff Barbara Kowal complains as follows:

### **PARTIES**

1. Plaintiff Kowal is an adult individual and resident of Apopka, Florida. Plaintiff Kowal is employed as a paralegal for the Office of the Federal Defender for the Middle District of Florida. Plaintiff's office is located in Orlando, Florida.

2. Defendant DOJ is an agency of the United States Government within the meaning of 5 U.S.C. § 551, § 552(f), and § 702 that has possession, custody, and/or control of the records

1

that Plaintiff seeks. The DOJ headquarters are located at 950 Pennsylvania Avenue NW, Washington, D.C. 20530.

3. Defendant DEA is an agency of the United States Government within the meaning of 5 U.S.C. § 551, § 552(f), and § 702 that has possession, custody, and/or control of the records that Plaintiff seeks. The DEA headquarters are located at 8701 Morrissette Drive Springfield, VA 22152.

## JURISDICTION AND VENUE

4. This is an action for judicial review of final agency action pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. This Court has jurisdiction over the parties and subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question), 5 U.S.C. § 552(a)(4)(B), and 5 U.S.C. § 552a(g).

5. Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552a(g)(5), which provide that the district court of the United States in the District of Columbia has jurisdiction to enjoin these federal agencies from withholding agency records and to order the production of any agency records improperly withheld from the Plaintiff.

## STATEMENT OF THE FACTS

6. On April 8, 2015, Judge Daniel T.K. Hurley, U.S. District Court Judge for the Southern District of Florida, appointed CJA counsel,[1] Steven H. Malone, and Assistant Federal Defender D. Todd Doss from the Office of the Federal Defender for the Middle District of Florida (Plaintiff's office) to represent Daniel Troya, an indigent capital defendant, in his federal post-

---

[1] Appointment was made pursuant to the Criminal Justice Act (CJA), 18 U.S.C. § 3599(a)(2).

conviction proceedings under 28 U.S.C. § 2255. In her capacity as paralegal, Plaintiff made a FOIA records request from the DEA on June 15, 2015.[2]

7.  Daniel Troya was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c), and 924U), 18 U.S.C. § 2119(3), 18 U.S.C. § 3591(a)(2)(A) and 3592(c)(5), 3592(c)(8), (3592(c)(9), (3592(c)(11), and 3592(c)(16), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida.

8.  Mr. Troya was convicted on all counts and sentenced on May 13, 2009. On two of the counts Mr. Troya was sentenced to death. The convictions and sentences were affirmed by the United States Court of Appeals for the Eleventh Circuit on direct appeal. *Troya v. United States*, 733 F.3d 1125 (11th Cir. 2013). Mr. Troya's petition for certiorari was denied by the Supreme Court of the United States on May 4, 2015, 135 S.Ct. 2048 (2015).

9.  On May 4, 2016, Mr. Troya filed a motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the Southern District of Florida challenging his convictions and sentence of death. (Case No. 9:16-cv-80700). Mr. Troya asserted as one of his claims that the Government failed to disclose exculpatory and impeachment material pursuant to its obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, at the time of the capital proceedings against him.

10. The DEA is a component of the DOJ. Several DEA agents interviewed witnesses and conducted investigation into the charged offenses. A DEA agent was the lead investigator in

---

[2] Plaintiff has had primary responsibility regarding records requests in Mr. Troya's case, both through state and federal (FOIA) agencies. Some correspondence received from and sent to the DEA reference the Assistant Federal Defender, D. Todd Doss (the undersigned counsel). Whenever an exhibit is attached that references the attorney, the addressee will be referred to as "Plaintiff's office."

Mr. Troya's capital case and in addition to leading the investigation conducted by the DEA, he coordinated and directed the investigation by several federal, state, and local law enforcement agencies.

11.     Plaintiff submitted a FOIA request for documents via e-mail to the DEA on June 15, 2015, seeking disclosure of documents related to Mr. Troya's federal criminal case and prosecution. Exhibit A.  A hard copy of the amended request was mailed Federal Express Standard Overnight on June 22, 2015. Exhibit B. The requested documents included:

> (1) all documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of (3) Daniel Troya (a/k/a "Homer"), DOB: 04/22/1983, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c), and 924U), 18 U.S.C. § 2119(3), 18 U.S.C. § 3591(a)(2)(A) and 3592(c)(5), 3592(c)(8), (3592(c)(9), (3592(c)(l I), and 3592(c)(16), in criminal case number 9:06-Cr-80171 in the U.S . District Court for the Southern District of Florida;

> (2) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (1) Danny Varela (a/k/a "D.V."), DOB: 09/25/1980, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c), and 924(j), 18 U.S.C. § 371, 26 U.S.C. §§ 586 l(d) and 5871 , in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

> (3) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (2) Ricardo Sanchez (a/k/a "Rick"), DOB: 04/22/1983, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c), and 924(j)), 18 U.S.C. § 2119(3), 18 U.S.C. § 3591(a)(2)(A) and 3592(c)(5), 3592(c)(8), (3592(c)(9), (3592(c)(l l), and 3592(c)(l6), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

      (4) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (4) Juan Gutierrez (a/k/a "Flaco"), DOB: 07/01/1986, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(l)(A) and 841(b)(l)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

      (5) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (5) Liana Lee Lopez (a/k/a "Negra"), DOB: 03/10/1988, who was charged on April 18, 2007, with violations of21 U.S.C. § 846, 21 U.S.C. §§ 84l(b)(l)(A) and 84l(b)(l)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

      (6) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (6) Kevin Vetere, DOB: 10/13/1983, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(l)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida.

Plaintiff requested expedited processing of the FOIA request.

      12.    On July 1, 2015, Plaintiff received a letter from the DEA stamped June 25, 2015, acknowledging receipt of the FOIA request by the DEA for processing, that a case number of 15-00465-P was assigned to Plaintiff's request, and that the case was determined to involve "unusual circumstances" under 5 U.S.C. § 552(a)(6)(B)(i)-(iii). Exhibit C. The letter further stated that DEA was searching for records responsive to the request and would inform Plaintiff of the results.

      13.    On June 30, 2015, Plaintiff received a letter from the DEA stamped June 25, 2015. On July 7, 2015, Plaintiff received a letter from the DEA stamped June 29, 2015, and a letter stamped June 30, 2015. Exhibits C, D & E. These letters informed Plaintiff that records responsive to her request appeared to be in Miami and that her request for expedited processing had been granted. Further correspondence would be provided once the records had been retrieved.

14. On October 6, 2015, Plaintiff received a letter stamped September 30, 2015. Exhibit F. The letter stated that DEA was denying the request for information as to Mr. Troya's co-defendants. Furthermore, the letter stated that five files related to Mr. Troya had been located and that two of the files had been processed, "G8-06-0002 and GFK7-07-8001 from the Miami Field Division (MFD) – West Palm Beach Resident Office (WPBRO) and Port St. Lucie Resident Office (PSLRO). To process the additional three files would require a fee of $480.00. Of the 329 pages that were reviewed, DEA withheld 256 pages in their entirety. When considered with the textual redactions that were contained within the released documents, over 75% was withheld. Bare citations were made in an appendix as to code provisions allegedly applicable to the withheld and/or redacted documents. Id. The statutory provisions cited were:

(A) § 552 (b)(7)(C) – Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy;

(B) § 552 (b)(7)(D) - Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or private institution which furnished information on a confidential basis; and, in the case of a record or information compiled by a criminal law enforcement authority in the course of investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source;

(C) § 552 (b)(7)(E) - Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information would disclose techniques and procedures for law enforcement investigations or prosecutions or

would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law:

  (D) § 552 (b)(7)(F) - Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to endanger the life or physical safety of an individual.

  (E) § 552a(j)(2) – Material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals.

  15. On November 24, 2015, Plaintiff, through undersigned counsel, instituted an administrative appeal regarding the denial of documents. Exhibit G.

  16. On December 10, 2015, Plaintiff's office received a letter dated December 2, 2015, acknowledging receipt of the administrative appeal, assigning the appeal a case number of AP-2016-00786, and granting expedited processing of the appeal. Exhibit H.

  17. On December 12, 2015, Plaintiff received a letter stamped December 10, 2015, advising the June 15, 2015, FOIA request was processed, payment of $480.00 was received, three additional files were processed, 10 pages were withheld and three pages were released. Exhibit I.

  18. On December 22, 2015, Plaintiff received a letter stamped December 15, 2015, acknowledging receipt of payment for processing the FOIA request. Exhibit J.

  19. On April 21, 2016, Plaintiff received a letter stamped April 14, 2016, informed Plaintiff that her request was being remanded to DEA for processing of fourteen pages of records that had been withheld. Exhibit K. The remaining actions of DEA regarding Plaintiff's FOIA request were affirmed. Id.  On remand, the fourteen pages released were simply copies of "buy" money that had been withheld from the initial document release.

20. In total, the DEA reviewed 369 pages. Of those 369 pages that were reviewed, 16 pages were released in full and 71 pages were released in part with substantial redactions. 282 pages were withheld entirely on the basis of various claimed FOIA exemptions.

## CAUSES OF ACTION

### Count I

**Violation of FOIA (5 U.S.C. § 552) for Wrongful Withholding of Agency Records**

21. Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing as though fully set forth herein.

22. Defendants are agencies subject to FOIA. 5 U.S.C. § 552(f); 5 U.S.C. § 551.

23. Defendants have possession of the documents and records that Plaintiff seeks. As Exhibit C indicates, the FBI has acknowledged the existence of the records Plaintiff seeks.

24. Plaintiff's request for records properly seeks records within the possession, custody, and/or control of Defendants under FOIA. 5 U.S.C. § 552(a)(3).

25. Defendants have failed to make responsive records available to Plaintiff, in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

26. Defendants are wrongfully withholding these records from Plaintiff and have no legal basis for their actions in withholding the right of access to the requested records.

27. Plaintiff has or is deemed to have exhausted all applicable administrative remedies as provided in the Freedom of Information Act. 5 U.S.C.§ 552(a)(6)(C)(i).

### Count II

**Violation of FOIA (5 U.S.C. § 552) for Failure to Conduct a Reasonable Search**

28. Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing as though fully set forth herein.

29. Defendants are agencies subject to FOIA. 5 U.S.C. § 552(f); 5 U.S.C. § 551.

30. Plaintiff's request for records properly seeks records within the possession, custody, and/or control of Defendants under FOIA. 5 U.S.C. § 552(a)(3).

31. Defendants have failed to conduct a search reasonably calculated to identify all records responsive to Plaintiff's request for records, in violation of its obligations under FOIA. 5 U.S.C. § 552(a)(3).

32. Plaintiff has or is deemed to have exhausted all applicable administrative remedies as provided in the Freedom of Information Act. 5 U.S.C.§ 552(a)(6)(C)(i).

## Count III

### Violation of Privacy Act of 1974 (5 U.S.C. § 522(a)) for Wrongful Withholding of Agency Records

33. Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing as though fully set forth herein.

34. Defendants are agencies subject to the Privacy Act of 1974. 5 U.S.C. § 552a(a).

35. Defendants have possession of the documents and records that Plaintiff seeks. As Exhibit C indicates, the FBI has acknowledged the existence of the records Plaintiff seeks.

36. Plaintiff's request for records properly seeks records within the possession, custody, and/or control of Defendants under the Privacy Act. 5 U.S.C. § 552a(b)(2) & (d).

37. Defendants have failed to make available records responsive to Plaintiff's request, in violation of the Privacy Act. 5 U.S.C. § 552a(d).

38. Defendants are wrongfully withholding these records from Plaintiff and have no legal basis for their actions in withholding the right of access to the requested records.

39. Plaintiff has or is deemed to have exhausted all applicable administrative remedies as provided in the Privacy Act.

## Count IV

### Violation of Privacy Act of 1974 (5 U.S.C. § 552a) for Failure to Conduct a Reasonable Search

40. Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing as though fully set forth herein.

41. Defendants are agencies subject to the Privacy Act of 1974. 5 U.S.C. § 552a(a).

42. Plaintiff's request for records properly seeks records within the possession, custody, and/or control of Defendants under the Privacy Act. 5 U.S.C. § 552a(b)(2) & (d).

43. Defendants have failed to conduct a search reasonably calculated to identify all records responsive to Plaintiff's request for records, in violation of its obligations under the Privacy Act. 5 U.S.C. § 552a(d).

44. Plaintiff has or is deemed to have exhausted all applicable administrative remedies as provided in the Privacy Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kowal prays for the following relief:

(a) Declare Defendant's failure to comply with FOIA and the Privacy Act of 1974 to be unlawful;

(b) Declare that Plaintiff is entitled to disclosure of the requested records;

(c) Order Defendants to conduct a search reasonably calculated to identify all records responsive to Plaintiff's records request;

(d) Order Defendants to immediately disclose, in their entirety, unredacted versions of all records responsive to the request that are not specifically exempt from disclosure under FOIA or the Privacy Act, including any non-identical copies of any such records;


(e)	Issue an injunction enjoining Defendant from withholding the records requested by Plaintiff; and

(f)	Provide such other and further relief as the Court may deem just and proper.

**Respectfully Submitted**,

*/s/ D. Todd Doss*
D. TODD DOSS
Assistant Federal Defender
Federal Defender's Office, MDFL
201 South Orange Ave., Ste. 300
Orlando, FL 32801
Tele: 407-648-6338
Email: todd_doss@fd.org
Florida Bar No. 0810384
*Counsel for Barbara Kowal*