UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| BARBARA KOWAL, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 18-0938 (TJK) |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DRUG ENFORCEMENT ADMINISTRATION, | ) | |
| | ) | |
| *Defendants*. | ) | |

_____ )

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants the United States Department of Justice (the "Department") and the Drug Enforcement Administration ("DEA"), by and through undersigned counsel, respectfully move the Court to enter summary judgment in their favor in this action brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") because there is no genuine issue as to any material fact, and Defendants are entitled to judgment as a matter of law. In support of this motion, Defendants respectfully refer the Court to the accompanying Memorandum of Points and Authorities, Statement of Material Facts, and Declaration of Angela D. Hertel and accompanying *Vaughn* indexes.

Dated: September 1, 2020     Respectfully submitted,

            MICHAEL R. SHERWIN
            Acting United States Attorney

            DANIEL F. VAN HORN,
            D.C. BAR # 924092
            Chief, Civil Division

By:   */s/Kristin D. Brudy-Everett*
            KRISTIN D. BRUDY-EVERETT
            Assistant United States Attorney
            Judiciary Center Building
            555 4th St., N.W.
            Washington, D.C.  20530
            (202) 252-2536
            Kristin.Brudy-Everett@usdoj.gov

            *Counsel for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BARBARA KOWAL, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 18-0938 (TJK) |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DRUG ENFORCEMENT ADMINISTRATION, | ) | |
| | ) | |
| *Defendants*. | ) | |

## STATEMENT OF UNDISPUTED MATERIAL FACTS[1]

Pursuant to Local Civil Rule 7(h), Defendants United States Department of Justice (the "Department") and the Drug Enforcement Administration ("DEA") respectfully submit the following statement of undisputed facts in support of its motion for summary judgment.

1.      Plaintiff Barbara Kowal, whose office represents Daniel Troya in a capital habeas proceeding, submitted a FOIA request dated June 15, 2015, seeking:

(1)      all documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, incarceration, and/or parole of (3) Daniel Troya (a/k/a "Homer"), DOB: . . . who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c), and 924U) [sic], 18 U.S.C. § 2119(3), 18 U.S.C. § 3591(a)(2)(A) and 3592(c)(5), 3592(c)(8), (3592(c)(9) [sic], (3592(c)(11), and 3592(c)(16), in criminal case

---

[1] For the sake of brevity, the current declaration from Angela Hertel (filed with this motion as Exhibit 1) did not include facts that were previously set forth in her initial declaration. Accordingly, DEA hereby incorporates that previous declaration ("ECF No. 20-1") as part of this current Motion for Summary Judgement, where necessary. *See* Declaration of Angela Hertel, ECF No. 20-1.

number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(2)   all documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (1) Danny Varela (a/k/a "D.V."), DOB:. . . who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c), and 924(j), 18 U.S.C. § 371, 26 U.S.C. §§ 5861(d) and 5871, in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(3)   all documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (2) Ricardo Sanchez (a/k/a "Rick"), DOB: . . . who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c), and 924(j), 18 U.S.C. § 2119(3), 18 U.S.C. § 3591(a)(2)(A) and 3592(c)(5), 3592(c)(8), (3592(c)(9) [sic], (3592(c)(11) [sic], and 3592(c)(16), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(4)   all documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (4) Juan Gutierrez (a/k/a "Flaco"), DOB: . . . who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(5)   all documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (5) Liana Lee Lopez (a/k/a "Negra"), DOB: . . . who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(6)   all documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (6) Kevin Vetere, DOB: . . . who was charged on April 18, 2007, with violations of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida.

*See* Exhibit 1, Declaration of Angela Hertel ("Hertel Decl."), ¶ 8; see also ECF No. 20-2.

2.   In a letter dated June 29, 2015, DEA advised Plaintiff in relevant part that it had conducted a preliminary search for responsive records and as a result determined that the Miami

Field Division should handle the search because it was the office within DEA that would be most likely to maintain records responsive to Plaintiff's request.  ECF No. 20-1 ¶ 15; *see also* ECF No. 20-3.

3.      DEA responded to Plaintiff's request by letter dated September 30, 2015.  ECF No. 20-1 ¶ 15; *see also* ECF No. 20-6.   Plaintiff was advised in relevant part that the records of Mr. Troya's co-defendants were categorically exempted from disclosure unless she provided a release authorization or proof of death for those co-defendants.  *Id.*   With respect to the records related to Mr. Troya, DEA advised that it had located five files, two of which it had processed and three of which it would only process after receiving payment.  DEA further informed Plaintiff that, as to the two files, it was withholding 262 pages of information and provided the bases for those withholdings.  *Id.*  It also released 67 pages to Plaintiff along with the letter.  *Id.*

4.      In October 22, 2015, letter, Plaintiff provided proof that she had submitted payment of the estimated cost of the search of the remaining three files.  ECF No. 20-1 ¶ 17; *see also* ECF No. 20-7.

5.      DEA sent a letter to Plaintiff dated December 10, 2015, notifying Plaintiff that DEA had searched the three remaining files, and as a result, processed an additional 13 pages, withheld 10 pages in full and released 3 pages, and noted the bases for the exemptions it claimed.  ECF No. 20-1 ¶ 18; *see also* ECF No. 20-10.

6.      On November 24, 2015, Plaintiff appealed DEA's determination to the Department of Justice, Office of Information Policy ("OIP").  ECF No. 1-7, ECF No. 20-1 ¶ 19.

7.      In a letter dated March 28, 2016, OIP informed Plaintiff that it was affirming DEA's review of Plaintiff's Request under the Privacy Act, as well as the redactions it made under the

FOIA, with the exception of 14 pages that it ordered DEA to further process.  ECF No. 20-1 ¶ 21; *see also* ECF No. 20-9.

8.      By letter dated April 14, 2016, DEA informed Plaintiff that DEA's Freedom of Information / Privacy Act Unit ("FOIA Unit") had those fourteen pages—pages 27 through 40 from its production—and that it was releasing them along with the letter.  ECF No. 20-1 ¶ 22; *see also* ECF 20-11.  The released documents appear on the Court's docket at ECF No. 1-11, pages 4-17.

9.      Plaintiff filed her complaint on April 20, 2018.  Hertel Decl. ¶ 10.

10.     DEA filed its answer to the complaint on October 19, 2018.  Hertel Decl. ¶ 11.

11.     By email dated November 5, 2018, Plaintiff provided a Certification of Identity from one of Mr. Troya's former co-defendants, Ricardo Sanchez, whose records Plaintiff sought as part of her FOIA request.  Hertel Decl. ¶ 12; *see also* ECF No. 20-13.

12.     After receiving Mr. Sanchez's consent, DEA reprocessed all of the 342 pages that were originally processed for Plaintiff.  DEA also located and processed an additional 76 pages and advised Plaintiff of this by letter dated February 15, 2019. Of those additional 76 pages, 31 were withheld, and the remaining 45 were released in part to Plaintiff.   Hertel Decl. ¶ 13.

13.     In total, DEA reviewed 418 pages. Of that total, 14 pages were released in full, 133 were released in part, and 271 were withheld in full.[2]  Hertel Decl. ¶ 14.

---

[2]      In the Complaint, Plaintiff indicates that the DEA reviewed 369 pages. ECF No. 1 ¶ 20. Defendants' records do not reflect those numbers for the documents relating to the above request. *See* Hertel Decl. ¶ 13-14.   Instead, Plaintiff later sent a FOIA request relating to third parties, who were not co-defendants of Mr. Troya.  *See* Hertel Decl. ¶ 12.

## DEA'S SEARCHES FOR RECORDS RESPONSIVE TO PLAINTIFF'S REQUESTS

14.     All DEA criminal law enforcement investigative records are maintained in DEA's Investigative Reporting and Filing System ("IRFS").  ECF No. 20-1 ¶ 6.  IRFS is a DEA Privacy Act System of Records (Justice/DEA-008) that contains all DEA law enforcement intelligence and investigative information maintained on an individual, whether in paper or electronic format.  *Id.* Records from other DEA record systems that are related to an individual's involvement in, or association with, a DEA intelligence operation or civil, criminal, or regulatory investigation are also retained in IRFS.  *Id.*

15.     DEA locates information from IRFS using DEA's Narcotics and Dangerous Drugs Information System ("NADDIS").  ECF No. 20-1 ¶ 7.  NADDIS is an electronic data index system and the practical means by which DEA identifies and locates records in IRFS across all of DEA's offices worldwide.  *Id.*  An individual is indexed and identified in NADDIS by name, social security number, or date of birth.  *Id.*

16.     Based on the input of search terms (such as name, social security number, or date of birth), NADDIS provides an abstract of information, such as an investigative file number, investigative report number, or other record identifier by which to locate any existing IRFS records that are linked to the individual.  ECF No. 20-1 ¶ 8.  A query of NADDIS does not result in any actual IRFS records or documents, nor does it link to any electronic IRFS records.  *Id.*  Unlike IRFS, NADDIS is not a record keeping system so it does not contain complete information from an investigative file, but only discrete pieces of information from the Report of Investigation (DEA Form 6), which is an investigative record that is maintained as part of IRFS. *Id.*

17.     A search of IRFS using NADDIS is a worldwide search for DEA records, including records maintained at field offices, because intelligence and investigative records generated across all DEA offices are indexed into NADDIS.  ECF No. 20-1 ¶ 9.

18.     In response to Plaintiff's requests, DEA conducted a query using NADDIS.  ECF No. 20-1 ¶ 29.

19.     A NADDIS query was conducted using Mr. Troya's name and date of birth.  That NADDIS query resulted in the identification of five criminal investigative file numbers in which information regarding Mr. Troya could be located.  DEA investigative case files are established by the office commencing an investigation.  The files are titled according to the name of the principal suspect violator or entity known to DEA at the time the file is opened.  DEA does not maintain separate dossier investigative case files on every individual or entity that is of investigative interest.   ECF No. 20-1 ¶ 30.

20.     In reviewing Mr. Troya's NADDIS report, it was clear which two files would contain the most records based on the abstract information comprising the remarks section of the NADDIS.  Because Plaintiff was entitled to two hours of search time at no charge, DEA selected the two files we reasoned would provide her with the most material about Mr. Troya.  DEA then assessed fees for the remaining three files.  Of the five files, two of the files were searched by the respective field offices.  The remaining three files were sent to DEA's FOIA Unit and searched by the assigned Government Information Specialist.  All five files were eventually searched, as DEA conducted a complete search of the files for records pertaining to Mr. Troya.  DEA's search was conducted in good faith and was reasonable and complete. ECF No. 20-1 ¶ 31.

21.     Two *Vaughn* indexes that were prepared and attached to the Hertel Declaration are attached to this motion as Exhibits 2 and 3.  Hertel Decl. ¶ 15, Exs. 2, 3.  The *Vaughn* indexes

catalogue the responsive documents located through DEA's searches.  The indexes identify the FOIA exemptions pursuant to which responsive records were withheld; describes the content of the document; and specifies the basis for the invoked exemption[s].  *Id.*  As the *Vaughn* indexes outline, records were withhold pursuant to Exemptions 6, 7(C), 7(D), 7(E), and 7(F).  5 U.S.C. §§ 552(b)(6), 7(C), 7(D), 7(E) 7(F).  *Id.*

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN,
D.C. BAR # 924092
Chief, Civil Division

By:     /s/*Kristin D. Brudy-Everett*
        KRISTIN D. BRUDY-EVERETT
        Assistant United States Attorney
        Judiciary Center Building
        555 4th St., N.W.
        Washington, D.C.  20530
        (202) 252-2536
        Kristin.Brudy-Everett@usdoj.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| BARBARA KOWAL, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No.: 18-0938 (TJK) |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE | ) ) | |
| | ) | |
| and | ) | |
| | ) | |
| DRUG ENFORCEMENT ADMINISTRATION, | ) | |
| | ) | |
| *Defendants.* | ) | |

_____ )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

# <u>TABLE OF CONTENTS</u>

FACTUAL AND PROCEDURAL BACKGROUND.....................................................................3

LEGAL STANDARDS. ...........................................................................................................3

ARGUMENT. ...........................................................................................................................4

    I.      DEA PROPERLY INVOKED FOIA EXEMPTIONS 6, 7(C), 7(D), 7(E) AND 7(F)..............................................................................................................4

        A. DEA's Exemption 6 and 7(C) Withholdings. ....................................................5

        B. DEA's Exemption 7(D) Withholdings. .............................................................7

        C. DEA's Exemption 7(E) Withholdings. ..............................................................9

        D. DEA's Exemption 7(F) Withholdings. .............................................................11

    III. DEA PROPERLY CONCLUDED THAT THERE ARE NO   REASONABLY SEGREGABLE PORTIONS OF THE RESPONSIVE RECORDS.. .................11

CONCLUSION....................................................................................................................13

# TABLE OF AUTHORITIES

Cases

*Accountability Project v. Dep't of State,*
    699 F. Supp. 2d 97 (D.D.C. 2010) ........................................................................5

*ACLU v. Dep't of Justice,*
    655 F.3d 1 (D.C. Cir. 2011)...................................................................................6

*Allen v. U.S. Secret Serv.,*
    335 F. Supp. 2d 95 (D.D.C. 2004) .......................................................................3

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242 (1986) ..............................................................................................3

*Armstrong v. Exec. Office of the President,*
    97 F.3d 575 (D.C. Cir. 1996)...............................................................................12

*Beck v. Dep't of Justice,*
    997 F.2d 1489 (D.C. Cir. 1993) ............................................................................6

*Benjamin v. Dep't of State*
    178 F. Supp. 3d 1 (D.D.C. 2016), *aff'd* 2017 WL 160801 (D.C. Cir. Jan. 3, 2017) ..................3

*Billington v. Dep't of Justice,*
    301 F. Supp. 2d 15 (D.D.C. 2004) ........................................................................7

*Blackwell v. FBI,*
    646 F.3d 37 (D.C. Cir. 2011).................................................................................9

*Canning v. Dep't of Justice,*
    567 F. Supp. 2d 104 (D.D.C. 2008) ....................................................................12

*Celotex Corp. v. Catrett,*
    477 U.S. 317 (1986) ..............................................................................................3

*Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Labor,*
    478 F. Supp. 2d 77, 80 (D.D.C. 2007)……………………………………………4

*Computer Prof'ls for Soc. Responsibility v. U.S. Secret Serv.,*
    72 F.3d 897 (D.C. Cir. 1996).................................................................................5

*Davis v. U.S. Dep't of Justice,*
    968 F.2d 1276 (D.C. Cir. 1992).............................................................................5

*Dep't of Def. v. FLRA,*
    510 U.S. 487 (1994) ..........................................................................................3, 6

*Dep't of Justice v. Reporters Comm. for Freedom of Press,*
    489 U.S. 749 (1989) ..............................................................................................6

*Dow Jones & Co. v. Dep't of Justice,*
    908 F.2d 1006 (D.C. Cir. 1990).............................................................................8

*Fischer v. Dep't of Justice,*
    596 F. Supp. 2d 34 (D.D.C. 2009) ........................................................................7

*Gallant v. NLRB,*
    26 F.3d 168 (D.C. Cir. 1994).................................................................................4

*Garza v. Marshals Service,* Civ. A.,
    Nos. 16-0976 (EGS), 2018 WL 4680205 (D.D.C. Sept. 28, 2017) ......................11

*Lepelletier v. FDIC,*
    164 F.3d 37 (D.C. Cir. 1999)............................................................................5, 6

*Mayer Brown LLP v. IRS*,
  562 F.3d 1190 (D.C. Cir. 2009)..................................................................................9

*McCutchen v. Dep't of Health & Human Servs.*,
  30 F.3d 183 (D.C. Cir. 1994)......................................................................................3

*McGehee v. CIA*,
  697 F.2d 1095 (D.C. Cir. 1983)..................................................................................3

*Mead Data Central, Inc. v. U.S. Dep't of Air Force*,
  566 F.2d 242 (D.C. Cir. 1977)..............................................................................4, 12

*Michael v. Dep't of Justice*,
  Civ. A. No. 17-0197 (ABJ), 2018 WL 4637358 (D.D.C. Sept. 27, 2018)..............11

*Military Audit Project v. Casey*,
  656 F.2d 724 (D.C. Cir. 1981)....................................................................................4

*Miller v. Dep't of Justice*,
  872 F. Supp. 2d 12 (D.D.C. 2012) .........................................................................7, 8

*Moore v. Bush*,
  601 F. Supp. 2d 6 (D.D.C. 2009) ...............................................................................3

*Nat'l Treasury Emps. Union v. U.S. Customs Serv.*,
  802 F.2d 525 (D.C. Cir. 1986)....................................................................................4

*Parker v. Dep't of Justice*,
  934 F.2d 375 (D.C. Cir. 1991)................................................................................7, 8

*Public Citizen Health Research Grp. v. FDA*,
  185 F.3d 898 (D.C. Cir. 1999)....................................................................................4

*Public Emps. for Env't Responsibility v. U.S. Section, Int'l Boundary &Water Comm'n*,
  740 F. 3d 195 (D.C. Cir. 2014)..................................................................................11

*Roth v. Dep't of Justice*,
  642 F.3d 1161 (D.C. Cir. 2011)..................................................................................7

*Santana v. Dep't of Justice*,
  828 F. Supp. 2d 204 (D.D.C. 2011) ...........................................................................3

*Spirko v. U.S. Postal Service*,
  147 F.3d 992 (D.C. Cir. 1998)....................................................................................4

*Sussman v. U.S. Marshals Serv.*,
  494 F.3d 1106 (D.C. Cir. 2007).................................................................................12

*U.S. Dep't of Justice v. Tax Analysts*,
  492 U.S. 136 (1989).....................................................................................................4

*U.S. Dep't of State v. Wash. Post Co.*,
  456 U.S. 595 (1982).....................................................................................................5

*Vaughn v. Rosen*,
  484 F.2d 820 (D.C. Cir. 1973)....................................................................................4

*Voinche v. FBI*,
  940 F. Supp. 323 (D.D.C. 1996)..................................................................................7

*Washington v. U.S. Dep't of Labor*,
  478 F. Supp. 2d 77 (D.D.C. 2007) ..............................................................................4

*Weisberg v. Dep't of Justice*,
  627 F.2d 365 (D.C. Cir. 1980)....................................................................................3

*Wolf v. CIA*,
  473 F.3d 370 (D.C. Cir. 2007).....................................................................................4

iii

Regulations

18 U.S.C. § 2119(3) ....................................................................................................1, 2
18 U.S.C. § 3591(a)(2)(A) ..........................................................................................1, 2
18 U.S.C. § 371 ...............................................................................................................2
18 U.S.C. § 922(g) ......................................................................................................1, 2
18 U.S.C. § 924(c) ......................................................................................................1, 2
21 U.S.C. § 841(b)(1)(B) ...............................................................................................2
21 U.S.C. § 846 ..........................................................................................................1, 2
21 U.S.C. § 841(b)(1)(A) ...........................................................................................1, 2
26 U.S.C. § 586 ...............................................................................................................2
5 U.S.C. § 522 .................................................................................................................1
5 U.S.C. § 552(b) .....................................................................................................4, 12
5 U.S.C. § 552(b)(6) .......................................................................................................5
5 U.S.C. § 552(b)(7)(C) .................................................................................................6
5 U.S.C. § 552(b)(7)(D) .................................................................................................7
5 U.S.C. § 552(b)(7)(E) ...............................................................................................10
5 U.S.C. § 552(b)(7)(F) ...............................................................................................11

Rules

Fed. R. Civ. P. 56(a) .......................................................................................................3

This case arises under the Freedom of Information Act, 5 U.S.C. § 522 ("FOIA"), and pertains to a FOIA request submitted by Plaintiff, Barbara Kowal, whose office represents Daniel Troya, to Defendants the United States Department of Justice (the "Department") and the Drug Enforcement Administration ("DEA") seeking records related to the criminal investigation and prosecution of Mr. Troya, and his co-defendants in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida. Specifically, Plaintiff requested the following:

(1)     all documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, incarceration, and/or parole of (3) Daniel Troya (a/k/a "Homer"), DOB: . . . who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c), and 924U) [sic], 18 U.S.C. § 2119(3), 18 U.S.C. § 3591(a)(2)(A) and 3592(c)(5), 3592(c)(8), (3592(c)(9) [sic], (3592(c)(11), and 3592(c)(16), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(2)     all documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (1) Danny Varela (a/k/a "D.V."), DOB: . . ., who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c), and 924(j), 18 U.S.C. § 371, 26 U.S.C. §§ 5861(d) and 5871, in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(3)     all documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (2) Ricardo Sanchez (a/k/a "Rick"), DOB: . . ., who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c), and 924(j), 18 U.S.C. § 2119(3), 18 U.S.C. § 3591(a)(2)(A) and 3592(c)(5), 3592(c)(8), (3592(c)(9) [sic], (3592(c)(11) [sic], and 3592(c)(16), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(4)     all documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (4) Juan Gutierrez (a/k/a "Flaco"), DOB: . . ., who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(5)     all documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (5) Liana Lee Lopez (a/k/a "Negra"), DOB: . . ., who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida;

(6)     all documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (6) Kevin Vetere, DOB: . . ., who was charged on April 18, 2007, with violations of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(B), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida.

*See* Hertel Decl., Ex. A (the "FOIA Request").

As detailed in the accompanying Declaration of Angela D. Hertel ("Hertel Decl."), attached as Exhibit 1, DEA located responsive records and after careful review of the responsive records located during that search, DEA released 14 records in full, released 133 in part and determined that 271 remaining responsive records were exempt from disclosure.  Hertel Decl. ¶¶ 13-14.  DEA determined that the withheld material is subject to FOIA Exemptions 6, 7(C), 7(D), 7(E), and 7(F).  *Id.* ¶¶ 19-49.  Thus, as demonstrated below, in the accompanying Statement of Material Facts Not in Genuine Dispute, in the Hertel Declaration, and in the accompanying *Vaughn* indexes, there is no genuine issue as to any material fact, and Defendants are entitled to judgment as a matter of law.

## FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural background is fully set forth in Defendants' Statement of Material Facts and the Hertel Declaration and incorporated by reference herein.

## LEGAL STANDARDS

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A material fact

is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment must demonstrate an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has met its burden, the non-movant "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

"FOIA cases are typically and appropriately decided on motions for summary judgment." *Benjamin v. Dep't of State*, 178 F. Supp. 3d 1, 3 (D.D.C. 2016), *aff'd*, 2017 WL 160801 (D.C. Cir. Jan. 3, 2017) (quoting *Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D.D.C. 2009)). A defendant is entitled to summary judgment in a FOIA case if it demonstrates that no material facts are in dispute, that it has conducted an adequate search for responsive records, and that each responsive record that it has located either has been produced to the plaintiff or is exempt from disclosure. *See, e.g., Weisberg v. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980). To meet its burden, a defendant may rely on reasonably detailed and non-conclusory declarations. *See, e.g., McGehee v. CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983); *Santana v. Dep't of Justice*, 828 F. Supp. 2d 204, 208 (D.D.C. 2011); *Allen v. U.S. Secret Serv.*, 335 F. Supp. 2d 95, 97 (D.D.C. 2004).

## ARGUMENT

## I.    DEA PROPERLY INVOKED FOIA EXEMPTIONS 6, 7(C), 7(D), 7(E) AND 7(F).

FOIA does not allow the public to have unfettered access to government files. *McCutchen v. Dep't of Health & Human Servs.*, 30 F.3d 183, 184 (D.C. Cir. 1994). Although disclosure is the dominant objective of FOIA, there are several exemptions to the statute's disclosure requirements. *Dep't of Def. v. FLRA*, 510 U.S. 487, 494 (1994). FOIA requires that an agency release all records responsive to a properly submitted request unless such records are protected from disclosure by

one or more of the Act's nine exemptions.  5 U.S.C. § 552(b); *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 150-51 (1989).  To protect materials from disclosure, the agency must show that they come within one of the FOIA exemptions.  *Pub. Citizen Health Research Grp. v. FDA*, 185 F.3d 898, 904 (D.C. Cir. 1999).  "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'"  *Wolf v. CIA*, 473 F.3d 370, 374-75 (D.C. Cir. 2007).

An agency may meet its burden to establish the applicability of an exemption by providing a *Vaughn* index that "permit[s] adequate adversary testing of the agency's claimed right to an exemption."  *Nat'l Treasury Emps. Union v. U.S. Customs Serv.*, 802 F.2d 525, 527 (D.C. Cir. 1986) (citing *Mead Data Cent., Inc. v. Dep't of Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977)); *Vaughn v. Rosen*, 484 F.2d 820, 828 (D.C. Cir. 1973)).  The index must contain "an adequate description of the records" and "a plain statement of the exemptions relied upon to withhold each record."  *Nat'l Treasury*, 802 F.2d at 527 n.9.

Additionally, although a *Vaughn* index is a common device used by agencies to meet their burden of proof, "the Court may award summary judgment solely on the basis of information provided by the department or agency in declarations when the declarations describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'"  *Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Labor*, 478 F. Supp. 2d 77, 80 (D.D.C. 2007) (quoting *Military Audit Project*, 656 F.2d 724, 738 (D.C. Cir. 1981)); *see also Spirko v. U.S. Postal Serv.*, 147 F.3d 992, 998 n.4 (D.C. Cir. 1998) ("The form of the *Vaughn* index is

unimportant and affidavits providing similar information can suffice.") (citing *Gallant v. NLRB*, 26 F.3d 168, 172-73 (D.C. Cir. 1994)).

As shown in DEA's declaration and accompanying *Vaughn* indexes, DEA properly and judiciously applied Exemptions 6, 7(C), 7(D), 7(E) and 7(F) to withhold personally identifiable information ("PII") of third parties, information that could disclose the identity of confidential sources, law enforcement sensitive information, and information that could endanger the life or physical safety of individuals. Defendants describe each of these exemptions and the bases for their application below.

A.     **DEA's Exemption 6 and 7(C) Withholdings**

Exemption 6 permits the withholding of "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The term "similar files" is broadly construed and includes "[g]overnment records on an individual which can be identified as applying to that individual." *Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 602 (1982); *Lepelletier v. FDIC*, 164 F.3d 37, 47 (D.C. Cir. 1999) ("The Supreme Court has interpreted the phrase 'similar files' to include all information that applies to a particular individual."); *Govt. Accountability Project v. Dep't of State*, 699 F. Supp. 2d 97, 105-06 (D.D.C. 2010).

Exemption 7(C) protects from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). The names of law enforcement officers who work on criminal investigations have traditionally been protected against release by Exemption 7(C). *Davis v. Dep't of Justice*, 968 F.2d 1276, 1281 (D.C. Cir. 1992). Similarly, individuals who provide information to law enforcement authorities, like the law enforcement personnel themselves, have protectable

privacy interests in their anonymity.  *Computer Prof'ls for Soc. Responsibility v. U.S. Secret Serv.*, 72 F.3d 897, 904 (D.C. Cir. 1996).

In assessing the applicability of Exemptions 6 and 7(C), courts weigh the "privacy interest in non-disclosure against the public interest in the release of the records in order to determine whether, on balance, the disclosure would work a clearly unwarranted invasion of personal privacy."  *Lepelletier*, 164 F.3d at 46; *ACLU v. Dep't of Justice*, 655 F.3d 1, 6 (D.C. Cir. 2011) (noting the balance of privacy and public interests when assessing applicability of Exemption 7(C)).  "[T]he only relevant public interest in the FOIA balancing analysis [is] the extent to which disclosure of the information sought would 'she[d] light on an agency's performance of its statutory duties' or otherwise let citizens know 'what their government is up to.'"  *Lepelletier*, 164 F.3d at 47 (quoting *FLRA*, 510 U.S. at 497) (alterations in original); *Beck v. Dep't of Justice*, 997 F.2d 1489, 1492 (D.C. Cir. 1993) (quoting *Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 773 (1989)).  "Information that 'reveals little or nothing about an agency's own conduct' does not further the statutory purpose."  *Beck*, 997 F.2d at 1492.

DEA asserted Exemptions 6 and 7(C) to protect the names and other identifying information that would reveal the identity of, and disclose the personal information about individuals who were involved in law enforcement investigations, including DEA Agents and other employees, as well as other officers and employees of other law enforcement agencies, and potentially targets of investigations because the release of this information would subject those parties to invasion of their personal privacy.  Hertel Decl. ¶¶ 20-26, 44-49.  Consequently, such information was properly withheld pursuant to FOIA Exemptions 6 and 7(C):

> Also, pursuant to Exemption 7(C) alone, DEA withheld information that included
>
> names of law enforcement personnel, their initials, their canine in at least one instance, names of third-party individuals, telephone numbers and addresses, fugitive declarations,

other information that could be used to identify third parties, signatures of law enforcement personnel, NADDIS information, DEA routing information that would reveal law enforcement personnel, criminal associates, information derived from sources of information, confidential source numbers, and the like.

*Id.* ¶ 26.   Pursuant to Exemption 7(C), such information was properly withheld because there was no legitimate public interest in it and its release would constitute an unwarranted invasion of a that third party's personal privacy.  *Id.* ¶ 25.

### B.     DEA's Exemption 7(D) Withholdings

Exemption 7(D) permits the withholding of "records or information compiled for law enforcement purposes" if producing the records "could reasonably be expected to disclose the identity of a confidential source" or "information furnished" by such a source.   5 U.S.C. § 552(b)(7)(D).   "Exemption 7(D) has long been recognized as affording the most comprehensive protection of all FOIA's law enforcement exemptions."  *Billington v. Dep't of Justice*, 301 F. Supp. 2d 15, 21 (D.D.C. 2004) (*citing Voinche v. FBI*, 940 F. Supp. 323, 331 (D.D.C. 1996)).  Exemption 7(D) does not require a balancing of public and private interests.  *See*, *e.g.*, *Roth v. Dep't of Justice*, 642 F.3d 1161, 1185 (D.C. Cir. 2011).

The exemption's protections also extend to the "information furnished by a confidential source" to law enforcement authorities in the course of a criminal investigation.  *See Fischer v. Dep't of Justice*, 596 F. Supp. 2d 34, 48-49 (D.D.C. 2009); *see also Parker v. Dep't of Justice*, 934 F.2d 375, 380 (D.C. Cir. 1991) ("[O]nce the agency receives information from a 'confidential source' during the course of a legitimate criminal investigation . . . *all* such information obtained from the confidential source receives protection.") (emphasis in original).

In determining the applicability of the exemption, "the question is . . . whether the particular source spoke with an understanding that the communication would remain confidential." *Dep't of Justice v. Landano*, 508 U.S. 165, 172 (1993); *see also Miller v. Dep't of Justice*, 872 F. Supp. 2d

12, 26 (D.D.C. 2012) (the focus should always be on whether the *source* of the information spoke with the understanding of confidentiality, not whether the *document* is generally thought to be confidential) (emphasis in original).  Confidentiality exists, for the purpose of Exemption 7(D), when "the source furnished information with the understanding that the [agency] would not divulge the communication except to the extent the [agency] thought necessary for law enforcement purposes."  *Miller*, 872 F. Supp. 2d at 26.  If the production of criminal investigative records "could reasonably be expected to disclose the identity of a confidential source" or "information furnished by" such a source, that ends the matter, and the agency is entitled to withhold the records under Exemption 7(D).  *Parker*, 934 F.2d at 380.  Once an agency establishes confidentiality of a source, the FOIA requester faces a heavy burden in overcoming that promise. To meet this burden, a requester must come forward with "'absolutely solid evidence showing that the source . . . in a law enforcement investigation has manifested complete disregard for confidentiality.'"  *Parker*, 934 F.2d at 378 (quoting *Dow Jones & Co. v. Dep't of Justice*, 908 F.2d 1006, 1011 (D.C. Cir. 1990)).

Here, DEA protected, pursuant to FOIA Exemption 7(D), the identities (including identifying information) of confidential informants who provided information to law enforcement officers with an implied promise of confidentiality and also protected information provided by those individuals.  Hertel Decl. ¶ 29.  As Hertel explains:

> Exemption (b)(7)(D) was employed to withhold portions of the report that contained information that would disclose the identity of and the information provided by the confidential source. . . .
>
> In this case, based upon the facts and circumstances, confidentiality was either express or implied for the sources of information.  The sources were involved, and maintained a close relationship with, several individuals who trafficked in and engaged in other drug-dealing and illegal activities.  The information provided by the individuals related to the illicit trafficking in drugs by Mr. Troya and others. Under these circumstances, it is presumed that the individual would not have

8

provided the information unless they believed that the information and their identity would be held in confidence and not released to Mr. Troya or the public, except as required by law.  Thus, confidentiality was implied and the information withheld.

Because of the nature of DEA's criminal investigations, any information that could identify an informant could subject that person, as well as his or her family members and associates, to serious harm, substantial repercussions, and possibly even death.

*Id*. ¶¶ 27-30.  Thus, DEA properly protected information concerning confidential informants pursuant to FOIA Exemption 7(D).

### C.   DEA's Exemption 7(E) Withholdings

Exemption 7(E) permits withholding of "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."  5 U.S.C. § 552(b)(7)(E); *Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011) (noting the "relatively low bar for the agency to justify withholding" information under Exemption 7(E)).

In this Circuit, "'the exemption looks not just for circumvention of the law, but for a risk of circumvention; not just for an actual or certain risk of circumvention, but for an expected risk; not just for an undeniably or universally expected risk, but for a reasonably expected risk; and not just for certitude of a reasonably expected risk, but for the chance of a reasonably expected risk.'" *Blackwell*, 646 F.3d at 42 (quoting *Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1193 (D.C. Cir. 2009)).  In fact, "Exemption 7(E) sets a relatively low bar for the agency to justify withholding: 'Rather than requiring a highly specific burden of showing how the law will be circumvented, exemption 7(E) only requires that the [agency] demonstrate logically how the release of the

9

requested information might create a risk of circumvention of the law.'"  *Id.* (quoting *Mayer Brown*, 562 F.3d at 1194) (internal quotation marks and alterations omitted).

Here, DEA has asserted Exemption 7(E) to withhold several types of information related to the investigations into Mr. Troya's activities. Hertel Decl. ¶¶ 32-34.  DEA also withheld Geo-Drug Enforcement Program ("G-DEP") identifiers and information.  *Id.* ¶ 33.  As DEA explains:

> G-DEP identifiers/information are part of the DEA's internal system of developing criminal activity information and intelligence.  These identifiers/information relate solely to internal DEA investigative procedures.
>
> G-DEP identifiers/information are assigned to all DEA cases at the time the case file is opened and indicate the classification of the violator(s), the types and amount of suspected drugs involved, the priority of the investigation, and the suspected location and scope of criminal activity.  The release of the G-DEP identifiers/information would help identify priority given to narcotics investigations, types of criminal activities involved, and violator ratings.  Suspects could decode this information and, as a result, change their patterns of drug trafficking in an effort to respond to what they determined the DEA knows about them, develop enforcement countermeasures, avoid detection and apprehension, create excuses for suspected activities, and/or create alibis for suspected activities.  As such, disclosure of the G-DEP identifiers/information would enable circumvention of the DEA's law enforcement efforts.

*Id.* ¶¶ 32-33.  DEA also protected, pursuant to Exemption 7(E),

> information related to Mr. Troya's investigations including DEA file numbers, specific information regarding meetings and debriefings with confidential and other sources, as well as related files, NADDIS numbers, acquisition of certain evidence, other identifying information, and material that would reveal sensitive, non-public references to the DEA's Agents' Manual, which is not available to the public and would reveal DEA information and law enforcement techniques.

*Id.* ¶ 34.  Due to a change in its policy in 2018, DEA also withheld file numbers it had previously disclosed to Plaintiff in 2015. *Id.* ¶ 37.  Since all of these documents describe techniques and procedures that effectuate the investigations, they were properly withheld pursuant to Exemption 7(E).

### D.    DEA's Exemption 7(F) Withholdings

Exemption 7(F) allows the withholding of law enforcement information.  5 U.S.C.

§ 552(b)(7)(F).  "Disclosure need not definitely endanger life or physical safety; a reasonable

expectation of endangerment suffices." *Public Emps. for Env't Responsibility v. U.S. Section, Int'l*

*Boundary &Water Comm'n,* 740 F. 3d 195, 205-06 (D.C. Cir. 2014). While this exemption has

been "invoked to protect the identities of informants, sources, and law enforcement personnel," it

is "designed to specifically protect law enforcement officers and special agents."  *Michael v. Dep't*

*of Justice,* Civ. A. No. 17-0197 (ABJ), 2018 WL 4637358, *12 (D.D.C. Sept. 27, 2018) (internal

citations and quotations omitted);  *Garza v. U.S. Marshals Serv.,* Civ. A. No. 16-0976 (EGS), 2018

WL 4680205, *17 (D.D.C. Sept. 28, 2017).  The information withheld under Exemption 7(F) is

also subject to protection under Exemptions 6 and 7(C).  *Id.*  Under Exemption 7(F), however,

there is no balancing test.  *Id.*

Here, pursuant to FOIA Exemption 7(F), DEA protected names of DEA Special Agents,

other law enforcement personnel, and individuals involved in criminal investigations.  Hertel Decl.

¶¶ 41, 43.  As DEA explains:

> DEA Special Agents are frequently called upon to conduct a wide variety of investigations,
> including sensitive and dangerous undercover operations.  Special Agents routinely
> approach and associate with violators in a covert capacity.  Many of those violators are
> armed, and many have known violent tendencies.
>
> It has been the experience of DEA that violence is inherent in the drug trade, and the release
> of the identities of law enforcement officers has resulted in several instances of physical
> attacks, threats, harassment, murder, and attempted murder.  Therefore, the names of the
> Special Agents as well as other individuals involved in criminal investigations are withheld,
> since it is reasonable to conclude that identifying them could subject them to harassment,
> reprisal or physical retaliation for providing information and being connected with the
> investigation in any way.

*Id.* ¶¶ 42-43.  Thus, DEA properly protected this information pursuant to FOIA Exemption 7(F).

## II.   DEA PROPERLY CONCLUDED THAT THERE ARE NO REASONABLY SEGREGABLE PORTIONS OF THE RESPONSIVE RECORDS.

Under FOIA, if a record contains information exempt from disclosure, any "reasonably segregable," non-exempt information must be disclosed after redaction of the exempt information. 5 U.S.C. § 552(b).  Non-exempt portions of records need not be disclosed if they are "inextricably intertwined with exempt portions."  *Mead Data,* 566 F.2d at 260.  To establish that all reasonably segregable, non-exempt information has been disclosed, an agency need only show "with 'reasonable specificity'" that the information it has withheld cannot be further segregated. *Armstrong v. Exec. Off. of the President*, 97 F.3d 575, 578-79 (D.C. Cir. 1996); *Canning v. Dep't of Justice*, 567 F. Supp. 2d 104, 110 (D.D.C. 2008).  "Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material," which must be overcome by some "quantum of evidence" by the requester.  *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007).

Here, DEA explains:

All responsive information was examined to determine whether any reasonably segregable information could be released.  Pages were withheld in their entirety where, based upon the review, the release of any additional information would: (1) provide no useful information, or incomprehensible words or phrases that would not shed any light on how the Government conducts business; (2) result in compromising the identity of and information provided by sources of information who were granted express or implied confidentiality; (3) be an unwarranted invasion of personal privacy when balanced against the public interest in the release of information gathered during the course of a criminal investigation; (4) disclose techniques and procedures for law enforcement investigations or prosecutions; or (5) place in jeopardy the lives and safety of third-parties which includes sources of information, individuals associated with or mentioned in, the investigative reports, and DEA agents.

Each page was examined to determine whether there was any reasonably segregable information.

Hertel Decl. ¶¶ 50-51.  Accordingly, DEA has met its burden of establishing that all reasonably segregable, non-exempt information has been disclosed.

## **CONCLUSION**

For all of the reasons set forth above and in the Hertel Declaration, Defendants respectfully

ask the Court to grant them summary judgment.


Dated: September 1, 2020                    Respectfully submitted,

                                            MICHAEL R. SHERWIN
                                            Acting United States Attorney

                                            DANIEL F. VAN HORN,
                                            D.C. BAR # 924092
                                            Chief, Civil Division

                              By:    /s/*Kristin D. Brudy-Everett*
                                            KRISTIN D. BRUDY-EVERETT
                                            Assistant United States Attorney
                                            Judiciary Center Building
                                            555 4th St., N.W.
                                            Washington, D.C.  20530
                                            (202) 252-2536
                                            Kristin.Brudy-Everett@usdoj.gov

                                            *Counsel for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| BARBARA KOWAL, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 18-0938 (TJK) |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| JUSTICE | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DRUG ENFORCEMENT ADMINISTRATION, | ) | |
| | ) | |
| *Defendants.* | ) | |

_____ )

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendants' Motion for Summary Judgment, and the entire record herein, it is hereby

ORDERED that Defendants' Motion is GRANTED, and it is further

ORDERED that summary judgment is granted in Defendants' favor on Plaintiff's claims in this action.  This is a final appealable order.

It is SO ORDERED this _____ day of _____, 2020.


_____
TIMOTHY J. KELLY
UNITED STATES DISTRICT JUDGE