UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA KOWAL<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE et al.,<br><br>*Defendants*. | Civil Action No. 18-938 (TJK) |

### MEMORANDUM OPINION AND ORDER

Barbara Kowal, a paralegal with the Federal Defender for the Middle District of Florida, filed this suit against the Department of Justice and the Drug Enforcement Administration under the Freedom of Information Act. Kowal requested all records from the DEA relating to Daniel Troya, a capital defendant that the Federal Defender represents in his post-conviction hearings, to several of his co-defendants as well. The DEA produced documents from its law enforcement records system but withheld some documents in whole or in part under several FOIA exemptions. The DEA also produced two *Vaughn* indices. After cross-motions for summary judgment, the Court held that the DEA's *Vaughn* indices were inadequate. Since then, the DEA has updated its *Vaughn* indices and the parties have cross-moved again for summary judgment.

Defendants move for summary judgment, arguing that their updated *Vaughn* indices are sufficient, they properly invoked certain FOIA exemptions to justify their withholdings, and met their duty to disclose all reasonably segregable portions of the records at issue. In response, Kowal argues that the DEA's *Vaughn* indices are still inadequate, that the DEA failed to adequately justify the claimed FOIA exemptions, improperly withheld information in the public domain, and failed to disclose all reasonably segregable information. The Court finds that the

DEA's *Vaughn* indices are sufficient and that the DEA properly invoked Exemptions 6, 7(C), 7(D), 7(F), and, in some contexts, 7(E). But the Court also finds that the DEA did not provide enough information for the Court to determine whether it properly invoked Exemption (7)(E) for materials relating to the DEA Agents' Manual. The Court also finds that the DEA met its duty to disclose all reasonably segregable portions of the records at issue. The Court will therefore grant Defendants' motion except as to the materials referencing the DEA Agents' Manual and deny Kowal's motion along the same lines. Otherwise, the Court will deny both motions without prejudice.

## I.    Background

Kowal's office began representing Troya in capital post-conviction proceedings in April 2015. ECF No. 1 ("Compl.") ¶ 6. A few months later, she sent a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Privacy Act of 1974 ("PA"), 5 U.S.C. § 552a, to the Drug Enforcement Administration ("DEA") seeking documents related to Troya's prosecution. *Id.* ¶ 11. Kowal requested "all documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of . . . Daniel Troya (a/k/a "Homer"), DOB: 04/22/1983" and cited his federal criminal charges. *Id.* Kowal also requested the same documents for five of Troya's co-defendants. *Id.* One week later, Kowal sent an amended request, including a certification signed by Troya that permitted Defendants to release Troya's records to Kowal's office. *See* ECF No. 1-2.

The DEA's search identified 418 pages responsive to Kowal's request. *See* ECF No. 20-1 ("First Hertel Decl.") ¶ 27. The DEA invoked FOIA Exemptions 6, 7(C), 7(D), 7(E), and 7(F) to withhold some documents in whole or in part. *See* First Hertel Decl. ¶ 15. Exemption 6 protects information in personnel and medical files when disclosure would "constitute a clearly

unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). In contrast, each § 552(b)(7) exemption applies only to information compiled for law enforcement purposes: Exemption 7(C) protects against unwarranted invasions of personal privacy, Exemption 7(D) protects the identities of confidential sources or information furnished by confidential sources, Exemption 7(E) protects law enforcement techniques and procedures, and Exemption 7(F) protects against endangering the life or physical safety of any individual. *Id.* §§ 552(b)(6), (b)(7)(C), (b)(7)(D), (b)(7)(E), (b)(7)(F).

In June 2019, the DEA moved for summary judgment and a few months later, Kowal cross-moved for summary judgment. ECF Nos. 20 & 23. The DEA supported its motion with the declaration of Angela D. Hertel, the DEA's acting FOIA and PA Unit Chief, which explained in detail the DEA's response to Kowal's request. *See* First Hertel Decl. The DEA also provided two *Vaughn* indices that assert exemptions for each page or range of pages in the responsive files.[1] *See* ECF No. 20-14; ECF No. 20-15. The indices work in tandem with the Hertel Declaration, which describes the types of general information withheld under each exemption. *See* First Hertel Decl. ¶¶ 35–59. Each entry in the indices provides the applicable page range in the responsive file and includes a short document description, document date, whether the document was withheld in full or in part, a list of exemptions claimed for the document, and explanations for why each exemption applies.

In ruling on the parties' cross-motions, the Court found that "the DEA conducted an adequate search, but that the record [did] not provide enough information to determine whether it

---

[1] The first *Vaughn* index covers 342 pages that the DEA originally processed in response to Kowal's request. The second index covers the other 76 pages that the DEA processed after Kowal provided documentation that enabled the DEA to release information about one of Troya's co-defendants.

properly applied FOIA's exemptions, withheld information in the public domain, or produced all segregable portions of the records at issue." *Kowal v. United States Dep't of Just.*, 464 F. Supp. 3d 376, 379 (D.D.C. 2020).  As a result, the Court granted Defendants' motion and denied Kowal's as to the adequacy of DEA's search, and otherwise denied the motions without prejudice.  Since that decision, the DEA has updated its *Vaughn* Indices and the Hertel Declaration and once again, the parties cross-moved for summary judgment.

## II.     Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  Summary judgment is appropriate when, "viewing the evidence in the light most favorable to the non-movants and drawing all reasonable inferences accordingly, no reasonable jury could reach a verdict in their favor." *Lopez v. Council on Am.-Islamic Rels. Action Network, Inc.*, 826 F.3d 492, 496 (D.C. Cir. 2016).

FOIA "requires federal agencies to disclose information to the public upon reasonable request unless the records at issue fall within specifically delineated exemptions." *Judicial Watch, Inc. v. FBI*, 522 F.3d 364, 366 (D.C. Cir. 2008).  It creates a "strong presumption in favor of disclosure," and "places the burden on the agency to justify the withholding of any requested documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).  If information is already in the public domain, an agency cannot invoke an otherwise valid exemption to withhold it. *Students Against Genocide v. U.S. Dep't of State*, 257 F.3d 828, 836 (D.C. Cir. 2001).  When an agency withholds portions of a record, it must still disclose "[a]ny reasonably segregable portion . . . after deletion of the portions which are exempt." 5 U.S.C. § 552(b).

A court reviewing a FOIA action may grant summary judgment based on the agency's declarations "[i]f an agency's affidavit describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith." *Am. Civil Liberties Union v. U.S. Dep't of Def.*, 628 F.3d 612, 619 (D.C. Cir. 2011). But the agency may not rely on "conclusory and generalized allegations of exemptions" in its affidavits. *Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973).

**III.   Analysis**

    **A.   Sufficiency of DEA's *Vaughn* Indices**

Kowal again challenges the sufficiency of the *Vaughn* indices provided by the DEA. Because FOIA requesters face information asymmetry that favors the agency, courts evaluating claimed FOIA exemptions must rely on the agency's representation of the materials it withholds. *See King v. DOJ*, 830 F.2d 210, 218 (D.C. Cir. 1987). A sufficiently detailed *Vaughn* index enables that evaluation. *See Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 146 (D.C. Cir. 2006). An agency must use a *Vaughn* Index to explain withheld information by "specify[ing] in detail which portions of the document are disclosable and which are allegedly exempt." *Vaughn*, 484 F.2d at 827.

A court evaluates a *Vaughn* index on its function, not its form. *Keys v. DOJ*, 830 F.2d 337, 349 (D.C. Cir. 1987). An adequate *Vaughn* index functions in part to enable the reviewing court to determine whether the agency properly invoked FOIA exemptions. *Lykins v. DOJ*, 725 F.2d 1455, 1463 (D.C. Cir. 1984). It does so if it "provide[s] a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply."

*Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977). Thus, an index must "state the exemption claimed for each deletion or withheld document, and explain why the exemption is relevant." *Founding Church of Scientology of Wash., D.C. v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979).

Kowal argues that the DEA has not cured the deficiencies in its *Vaughn* indices and "merely repeat[s] boilerplate language about the claimed exemptions" rather than providing "a factual basis for why exemptions were properly invoked." ECF No. 40 at 18. Previously, the Court noted that the DEA's *Vaughn* indices claimed exemptions for each document, but did not adequately "correlat[e] those claims with the particular part of a withheld document to which they apply." *Kowal*, 464 F. Supp. 3d at 384. And the indices did not provide enough specificity as to why exemptions applied to certain documents. *Id.*

The DEA's revised indices remedy these problems. The *Vaughn* indices specify which exemptions are being able to which portions of a document, and what information is being redacted. *See, e.g.*, ECF No. 36-3 at 23–24. At times that information is described quite generally, relying on language that Kowal describes as "boilerplate." *See, e.g., id.* at 24 (explaining that Exemptions 6 and 7(c) were used to protect the names and identities of "individuals includ[ing] third parties, such as law enforcement personnel, witnesses, suspects, co-defendants and confidential sources of information."). But it is unclear to the Court what further detail the DEA could provide without revealing the exempted content. And in looking at the DEA's *Vaughn* indices alongside its declaration, the nature of the redacted material is clear.[2]

---

[2] To the extent Kowal questions the propriety of the DEA's invocation of some exemptions many times with exactly the same explanations, Defendants convincingly explain that this is because many pages contain similar reports and forms. ECF No. 46 at 17.

*See Judicial Watch*, 449 F.3d at 145. Ultimately, the DEA's revised *Vaughn* indices adequately enable the Court to review the agency's withholdings. *See Lykins*, 725 F.2d at 1463.

    **B.**    **The DEA's Withholdings**

        **1.**    **Exemption 6 and 7(C)**

Under Exemptions 6 and 7(c), the DEA withheld the identities of, and personal information about, individuals involved or associated with Troya or relevant law enforcement investigations. ECF No. 36-1 ("Second Hertel Decl.") ¶ 20, 44. All information that "applies to a particular individual" qualifies for consideration under Exemption 6. *U.S. Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 602 (1982); *see Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. DOJ*, 503 F. Supp. 2d 373, 381 (D.D.C. 2007) ("Congress'[s] primary purpose in drafting Exemption 6 was to provide for confidentiality of personal matters."). And as for Exemption 7(C), "the standard for evaluating a threatened invasion of privacy interests resulting from the disclosure of records compiled for law enforcement purposes is somewhat broader than the standard applicable to personnel, medical, and similar files" under Exemption 6. *DOJ v. Reps. Comm. for Freedom of the Press*, 489 U.S. 749, 756 (1989). Thus, because "Exemption 7(C) is more protective of privacy than Exemption 6," *U.S. Dep't of Def. v FLRA*, 510 U.S. 487, 496 n.6 (1994), and the records at issue were compiled for law enforcement purposes, the Court need only consider whether the DEA properly invoked Exemption 7(C)—"all information that would fall within the scope of Exemption 6 would also be immune from disclosure under Exemption 7(C)," *Roth v. DOJ*, 642 F.3d 1161, 1173 (D.C. Cir. 2011). Narrowing the analysis further, because Kowal does not dispute that the requested records about Troya's criminal prosecution are law enforcement files for purposes of Exemption 7(C), the Court need only evaluate the

DEA's redactions by balancing "the privacy interests involved against the public interest in disclosure." *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1205 (D.C. Cir. 1991).

Defendants provide several explanations as to the privacy interests implicated by the withheld material. Defendants argue they invoked Exemption 7(C) to protect third parties, "such as law enforcement personnel, witnesses, suspects, co-defendants and confidential sources of information," from "possible harassment" or becoming the focus of "derogatory inferences and suspicion." Second Hertel Decl. ¶ 20. Defendants also say they invoked Exemptions 6 and 7(C) together "to protect the names and other identifying information that would reveal the identity of and disclose the personal information about individuals who were involved in law enforcement investigations." *Id.* ¶ 44. The DEA weighed the public interest in knowledge of "DEA's performance of its mission to enforce Federal criminal statutes and the Act, or how DEA conducts its internal operations and investigations" against the privacy interest of these individuals. *Id.* ¶ 25.

Exemption 7(C) "affords broad privacy rights to suspects, witnesses, and investigators." *SafeCard Servs.*, 926 F.2d at 1205 (quoting *Bast v. DOJ*, 665 F.2d 1251, 1254 (D.C. Cir. 1981)). And the public interest in personally identifiable information is "not just less substantial, it is insubstantial," *id.*, unless there is "compelling evidence that the agency denying the FOIA request is engaged in illegal activity" and "access to the names of private individuals appearing in the agency's law enforcement files is necessary to confirm or refute that evidence." *Id.* at 1205–06. Otherwise, "there is no reason to believe that the incremental public interest in such information would ever be significant," and the information is exempt from disclosure. *Id.* at

1206. Since Kowal does not point to any illegal activity implicating the DEA or its redactions under Exemptions 6 and 7(C), the Court cannot find fault with the balance the DEA struck.[3]

Kowal argues that the DEA's redactions were improper because the privacy interests at stake are minimal under the "public domain" doctrine. She contends that "many, if not all, of the law enforcement personnel involved in this case, as well as numerous third party witnesses who were interviewed by law enforcement" were identified at Troya's trial. ECF No. 40 at 21. To be sure, agencies "cannot rely on an otherwise valid exemption claim to justify withholding information that has been 'officially acknowledged' or is in the 'public domain.'" *Davis v. DOJ*, 968 F.2d 1276, 1279 (D.C. Cir. 1992) (quoting *Afshar v. Dep't of State*, 702 F.2d 1125, 1130–34 (D.C. Cir. 1983)). But "a plaintiff asserting a claim of prior disclosure must bear the initial burden of pointing to specific information in the public domain that appears to duplicate that being withheld," *id.* (quoting *Afshar*, 702 F.2d at 1130), to ensure that "the information sought is truly public and that the requester receive no more than what is publicly available." *Cottone v. Reno*, 193 F.3d 550, 555 (D.C. Cir. 1999). "For the public domain doctrine to apply, the specific information sought must have already been 'disclosed and preserved in a permanent public record.'" *Students Against Genocide*, 257 F.3d at 836 (quoting *Cottone*, 193 F.3d at 554).

---

[3] Kowal cites *Citizens for Responsibility and Ethics in Washington v. DOJ*, 746 F.3d 1082, 1093 (D.C. Cir. 2014) ("*CREW*") for support that her FOIA requests "pertain to a matter of substantial public concern: the public's interest in learning 'about the diligence of the [DEA]'s investigation and the DOJ's exercise of its prosecutorial discretion[.]'" ECF No. 40 at 20 (citing *CREW*, 746 F.3d at 1093). "But *CREW* did not hold that FOIA required . . . name[s] or private information contained in the investigative files be revealed in unredacted form. Rather, it held that, in light of the significant public interests at stake, the agency's categorical withholding of all responsive records under Exemption 7(C) was improper." *Jett v. Fed. Bureau of Investigation*, 139 F. Supp. 3d 352, 361–62 (D.D.C. 2015). Here, the DEA has not categorically withheld records but instead redacted specific portions of otherwise disclosed documents that include names and other personally identifiable information. *See* Hertel Decl. ¶ 26.

9

Kowal has not met her burden of showing that the "public domain" doctrine diminishes the privacy interests at stake here. She attaches long trial transcripts, without pinpoint citations, to purportedly show that the identities of witnesses who testified at trial are "unquestionably already a matter of public record." ECF No. 40 at 22. But she does not link up "specific" trial documents that are "identical" to those withheld or redacted by the DEA. *Davis*, 968 F.2d at 1280. While perhaps the identities of some individuals involved in the investigation were revealed at trial, Kowal does not meet her burden to show that the identical documents and information that DEA seeks to withhold here were made public then. *See Bartko v. DOJ*, 167 F. Supp. 3d 55, 72 (D.D.C. 2016) ("Aside from the trial testimony she references, the plaintiff has not even tried to explain how the balance of the materials she seeks is public.") (cleaned up); *Black v. DOJ*, 69 F. Supp. 3d 26, 35 (D.D.C. 2014) (determining burden unmet where plaintiff provided court transcripts but failed "to point to specific information identical to that being withheld that has been placed in the permanent public record"). Further, "[e]ven if [Kowal] already knows the identities of trial witnesses, the [DEA's] decision to withhold their names and other identifying information under Exemption 7(C) is justified" because "[a] witness does not waive his or her interest in personal privacy by testifying at a public trial." *Sellers v. DOJ*, 684 F. Supp. 2d 149, 159–60 (D.D.C. 2010); see also *Lardner v. DOJ*, No. 03-cv-0180, 2005 WL 758267, at *19 (D.D.C. Mar. 31, 2005) (finding that the name of a witness who testified at a public trial was properly withheld under Exemption 7(C)). Ultimately, Kowal has not shown that the material withheld by the DEA is in the public domain, and since the DEA justified its reliance on Exemptions 6 and 7(C), it may withhold that material. *See Davis*, 968 F.2d at 1280.

### 2. Exemption 7(D)

Exemption 7(D) allows the withholding of records that could disclose the identity of confidential sources as well as any information those sources provide. 5 U.S.C. § 552(b)(7)(D). In determining the applicability of the exemption, "the question is . . . whether the particular source spoke with an understanding that the communication would remain confidential." *DOJ v. Landano*, 508 U.S. 165, 172 (1993). Defendants invoked Exemption 7(D) to "withhold portions of the report that contained information that would disclose the identity of and the information provided by the confidential source." Second Hertel Decl. ¶ 27. For many of these sources, Defendants suggest that confidentiality was implied based on the "facts and circumstances" of the investigation. *Id.* ¶ 29.

Kowal argues that Defendants improperly applied a blanket presumption that individuals who provide information to the FBI do so under an implied assurance of confidentiality. ECF No. 40 at 25. Kowal is right that it would be improper to do so. *Landano*, 508 U.S. at 175–76. But an assurance of confidentiality can still be implied based on the nature of the criminal investigation and the informant's relationship to the target. *Id.* at 179. This is one of those situations. The DEA explains that the sources "were involved, and maintained a close relationship with, several individuals who trafficked in and engaged in other drug-dealing and illegal activity" and that the information they provided related to the trafficking. Second Hertel Decl. ¶ 29.[4] And Courts often find that confidentiality is implied in illicit drug trade

---

[4] To the extent Kowal argues that the "particularized approach" laid out in *Landano* requires information about the specific circumstances of each informant, ECF No. 40 at 19, she overstates the holding of that case. *Landano* rejects a categorical presumption of confidentiality for all investigations and instead requires a particularized approach distinguishing the sources in a specific investigation from the broader swath. *See also Quinon v. FBI*, 86 F.3d 1222, 1231 (D.C. Cir. 1996) (discussing the "case-specific factor" cited to justify invocation of Exemption 7(D)).

11

investigations because violent reprisal is so common. *See Wilson v. DEA*, 414 F. Supp. 2d 5, 15 (D.D.C. 2006); *Mays v. DEA*, 234 F.3d 1324, 1329–30 (D.C. Cir. 2000); *Love v. DOJ*, No. 13-cv-1303, 2015 WL 5063166 at *6 (D.D.C. 2015). Because of the nature of the investigation, the Court can infer an assurance of confidentiality. Thus, the DEA properly invoked exemption 7(D).

In addition, when Kowal addresses segregability in her briefing, she argues that the protections of Exemption 7(D) are waived when a source testifies at trial. She thus suggests that the DEA cannot invoke this exemption for at least some of the sources. But that is not the law in this Circuit. *See Parker v. DOJ*, 934 F.2d 375, 380 (D.C. Cir. 1991) (concluding that testifying at trial does not waive an agency's right to invoke Exemption 7(D)). *See also Cobar v. DOJ*, 81 F. Supp. 3d 64, 72 (D.D.C. 2015) (holding that the official confirmation of a confidential source does not diminish Exemption 7(D)'s protections). Thus, the DEA properly withheld information provided by confidential sources, even though those sources testified at Troya's trial.

### 3. Exemption 7(E)

Exemption 7(E) allows the withholding of documents complied for law enforcement purposes if disclosing such records "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). Agencies face a "relatively low bar" when trying to withhold information under Exemption 7(E). *Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011). The agency need only "demonstrate logically how the release of the requested

---

But *Landano* does not explicitly require that these distinguishing factors be provided as to each individual source, and the Kowal cites no case law to support such a requirement.

information might create risk of circumvention of the law." *Id.* (quoting *Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1194 (D.C. Cir. 2009)).

Defendants invoked Exemption 7(E) to withhold "Geo-Drug Enforcement Program (G-DEP) identifiers," "Narcotics and Dangerous Drugs Information System (NADDIS) numbers," and DEA file numbers. Second Hertel Decl. ¶¶ 32, 35. The DEA claims that if this information were released, "[s]uspects could decode this information and, as a result, change their patterns of drug trafficking" and "develop enforcement countermeasures, avoid detection and apprehension, create excuses for suspected activities, and/or create alibis for suspected activities." *Id.* at 33. This information is routinely withheld. *See Higgins v. DOJ*, 919 F. Supp. 2d 131, 151 (D.D.C. 2013) (approving the withholding of G-DEP and NADDIS numbers under Exemption 7(E)); *Miller v. DOJ*, 872 F. Supp. 2d 12, 28–29 (D.D.C. 2012) (approving the withholding of NADDIS numbers under Exemption 7(E)); *Chavis v. DOJ*, No. 20-CV-00638, 2021 WL 1668069, at *8 (D.D.C. Apr. 28, 2021) (approving the withholding of G-DEP and NADDIS numbers under Exemption 7(E)). And the DEA's explanations as to how this information could be used to circumvent the law satisfies their burden, as outlined in *Mayer Brown*, 562 F.3d at 1193.[5]

Defendants also invoke 7(E) to withhold "material that would reveal sensitive, non-public references to the DEA's Agents' Manual" and "certain information that would reveal sensitive, non-public references to the DEA's Agents' Manual." Second Hertel Decl. ¶¶ 34, 38. Because

---

[5] The Court is unpersuaded by Kowal's arguments about Defendants' prior practice of releasing some of this information. As outlined in *Mayer Brown*, 562 F.3d at 1193, the exemption is properly applied to information that "could reasonably be expected to risk circumvention of the law." The DEA's understanding or expectation of the risks associated with release of this kind of information might reasonably change over time. And even if the agency previously believed release to be appropriate, that does not prevent the DEA from meeting the "relatively low bar" here. *Blackwell*, 646 F.3d at 42.

of the brevity and vagueness of these statements, the Court is unable to determine whether such references truly risk revealing techniques unknown to the public. More specifically, it is unclear what law enforcement procedures are at stake and how references to the DEA Agents' Manual might disclose those procedures. "Although Exemption 7(E) sets a 'low bar for the agency to justify withholding,' the agency must at least provide *some* explanation of what procedures are involved and how they would be disclosed." *CREW*, 746 F.3d at 1102 (quoting *Blackwell*, 646 F.3d at 42) (emphasis in original). *See also Nat'l Sec. Archive v. FBI*, 759 F. Supp. 872, 885 (D.D.C. 1991) (holding that the withholding of information about techniques that were "lawful and not generally known to the public" was too conclusory and required supplementing with more detailed information); *Albuquerque Publ'g Co. v. DOJ*, 726 F. Supp. 851, 857 (D.D.C. 1989) (holding that the information provided about the nature of the techniques was insufficient for the court to determine whether the exemption had been properly invoked)  The DEA has not provided sufficient detail for the Court to determine whether such records were properly withheld under 7(E).

### 4. Exemption 7(F)

Exemption 7(F) allows the withholding of documents compiled for law enforcement purposes if disclosure "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F). Defendants only invoke Exemption 7(F) in conjunction with Exemption 7(C). ECF No. 46 at 24. Given that Exemption 7(F) is "an absolute ban against certain information and, arguably, an even broader protection than 7(C)," *Raulerson v. Ashcroft*, 271 F. Supp. 2d 17, 29 (D.D.C. 2002), and as the Court has determined that Exemption 7(C) was properly invoked, the Court need not reach the applicability of Exemption 7(F). *See Wilson v. DEA*, 414 F. Supp. 2d 5, 14 n.8 (D.D.C. 2006).

### C.     Segregability of the Documents DEA Withheld in Full

Finally, Kowal argues that the DEA failed to show how portions of documents it withheld in full were not segregable. Under FOIA, any "reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b). The agency is "entitled to a presumption that [it] complied with the obligation to disclose reasonably segregable material." *Hodge v. FBI*, 703 F.3d 575, 582 (D.C. Cir. 2013) (alteration in original) (quoting *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007)). Defendants must, however, identify the exempt material and "provide descriptions of excerpts deemed to be non-segregable, with explanations as to these decisions." *Am. Immigr. Council v. DHS*, 950 F. Supp. 2d 221, 248 (D.D.C. 2013).

Kowal argues that Defendants' justifications for withholding the documents in full were too conclusory to carry the burden of proving that the agency properly determined that there were no segregable portions. ECF No. 40 at 30. But the DEA has shown with "reasonable specificity" why there is no portion of the documents withheld in full that cannot be segregated and produced. *Johnson v. Exec. Off. for U.S. Att'ys*, 310 F.3d 771, 776 (D.C. Cir. 2002). The DEA provided descriptions of these documents and has explained why the exemptions were applied to those documents. *See* ECF No. 36-2; ECF No. 36-3. Additionally, the Hertel declaration explains that the DEA examined "each page" of the documents for reasonably segregable information, Second Hertel Decl. ¶ 51, and that it withheld documents in their entirety only if release of additional information would:

> (1) provide no useful information, or incomprehensible words or phrases that would not shed any light on how the Government conducts business; (2) result in compromising the identity of and information provided by sources of information who were granted express or implied confidentiality; (3) be an unwarranted invasion of personal privacy when balanced against the public interest in the release of information gathered during the course of a criminal investigation; (4) disclose techniques and procedures for law

15

enforcement investigations or prosecutions; or (5) place in jeopardy the lives and safety of third- parties which includes sources of information, individuals associated with or mentioned in, the investigative reports, and DEA agents.

*Id.* ¶ 50.

Kowal's argument mostly focuses on her own attempt to recreate the review described above. Kowal believes she has identified documents in her office's possession that match documents withheld in full by the DEA. ECF No. 40 at 30. She describes a process by which her office tried to copy the redactions claimed by the DEA to determine whether remaining material was segregable and improperly withheld.[6] But ultimately, her problem with the DEA's withholding of these documents is really an extension of her disagreement with the DEA's invocation of the relevant exemptions. *See* ECF No. 40 at 31-32. Thus, Kowal is incorrect about the documents' segregability largely because she is incorrect about whether the DEA has properly invoked these exemptions. Upon review of the relevant *Vaughn* index and the Hertel Declaration, the Court is satisfied that Defendants have shown that no portion of the documents withheld in full is reasonably segregable and therefore must be disclosed.[7]

---

[6] After reviewing the documents Kowal used in this exercise, the Court is even more convinced that the DEA properly withheld them under the various exemptions asserted and that there are no reasonably segregable portions of them. The DEA properly withheld Exhibit T, the witness interview report, under Exemption 7(D) for the reasons discussed above. And the Court's review of Exhibit R, filed under seal, has assured it both that the DEA properly claimed implied confidentiality because of the "facts and circumstances" surrounding the investigation, and that the document does not reveal information about the functioning of the DEA sufficient to outweigh the privacy interests of the individuals involved.

[7] Because the Court is unable to determine whether the DEA invoked Exemption 7(E) properly as to the materials it asserts would reveal sensitive, non-public references to the DEA Agents' Manual, it is unable to determine whether it has met its burden of showing that there were no reasonably segregable portions of these documents.

## IV.     Conclusion and Order

For all the above reasons, Defendants' Motion for Summary Judgment, except as to its withholding of materials that it asserts would reveal sensitive, non-public references to the DEA Agents' Manual, is **GRANTED** and Plaintiff's Motion as to the same withholdings is **DENIED**. In all other respects, the motions are **DENIED WITHOUT PREJUDICE**.  It is **FURTHER ORDERED** that the parties shall file a joint status report, including, if appropriate, a schedule for further summary judgment briefing, by September 3, 2021.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: August 3, 2021