UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA KOWAL<br><br>    *Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE et al.,<br><br>    *Defendants*. | Civil Action No. 18-938 (TJK) |

**MEMORANDUM OPINION**

    This Freedom of Information Act case is back for its third round of summary judgment motions. The only remaining issue is the propriety of certain Exemption 7(E) withholdings. Given Defendants' clarification about the information at issue, the Court will grant their renewed motion for summary judgment and deny requestor Barbara Kowal's cross-motion.

**I.    Background**

    The Court assumes familiarity with the background of this case. *See* ECF Nos. 34, 52. Briefly, Kowal, a paralegal for the Federal Defender of the Middle District of Florida, requested all documents the Drug Enforcement Agency ("DEA") had about the prosecution of a particular capital defendant. After the DEA produced some documents and withheld others in whole or in part, Kowal sued the DEA and the Department of Justice ("DOJ") under the FOIA.

    During the last round of summary judgment motions, the Court granted Defendants summary judgment as to everything except certain Exemption 7(E) withholdings. The Court found that the DEA properly invoked Exemption 7(E) to withhold "'Geo-Drug Enforcement Program (G-DEP) identifiers,' 'Narcotics and Dangerous Drugs Information System (NADDIS) numbers,' and DEA file numbers." ECF No. 52 at 13. But the Court held that Defendants did not provide

enough information for it to decide the propriety of withholding "'material that would reveal sensitive, non-public references to the DEA's Agents' Manual' and 'certain information that would reveal sensitive, non-public references to the DEA's Agents' Manual.'" *Id.* at 13–14. This description, the Court found, left "unclear what law enforcement procedures are at stake and how references to the DEA Agents' Manual might disclose those procedures." *Id.* at 14. Thus, the Court denied without prejudice the motions for summary judgment as to those withholdings.

Defendants now renew their motion, clarifying that when they referenced material "that would reveal sensitive, non-public references to the DEA's Agents' Manual," they did not "intend[] to signify that any additional material was withheld under 7(E) that could reveal sensitive, non-public references to the DEA Agents' Manual." ECF No. 55-2 ¶ 10. They "meant to encompass the same material already described as being exempt under Exemption 7(E)," *id.*—"information such as DEA file numbers, as well as related files, cross-files, NADDIS numbers, and other specific numbers and codes that could lead to discovery and circumvention of the law by drug violators," *id.* ¶ 7. And that information, they argue, is what the Court already said the DEA properly withheld. *Id.*

Kowal cross-moves, arguing that the Court granted summary judgment as to only three specific categories of Exemption 7(E) withholdings: "G-DEP, NADDIS, and DEA file numbers." ECF No. 57-2 at 5. But Defendants invoked the exemption to withhold other information, such as "quantitative and qualitative drug classification criteria for violators, derived from the DEA Agents' Manual," and "assessments of numerical class of drug violator and internal drug violator codes, also derived from the DEA Agents' Manual." *Id.* (cleaned up). And according to Kowal, withholding that other information was improper.

## II. Legal Standard

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "majority of FOIA cases can be resolved on summary judgment." *Brayton v. Office of U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011). "FOIA 'mandates that an agency disclose records on request, unless they fall within one of nine exemptions.'" *Elec. Privacy Info. Ctr. v. Dep't of Homeland Sec.* ("*EPIC*"), 777 F.3d 518, 522 (D.C. Cir. 2015) (quoting *Milner v. Dep't of Navy*, 562 U.S. 562, 565 (2011)); *see also* 5 U.S.C. § 552(b)(1)–(9). A court reviewing a FOIA action may grant summary judgment based on the agency's declarations "[i]f an agency's affidavit describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith." *ACLU v. U.S. Dep't of Def.*, 628 F.3d 612, 619 (D.C. Cir. 2011).

## III. Analysis

The Court agrees with Defendants: its prior Exemption 7(E) decision dictates the outcome here. Exemption 7(E) allows the withholding of documents compiled for law enforcement purposes if disclosing such records "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). An agency's burden for this exemption is "relatively low." *Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011). So long as the requested information "relates to law enforcement techniques, policies, and procedures," *Showing Animals Respect & Kindness v. U.S.*

*Dep't of Interior*, 730 F. Supp. 2d 180, 199 (D.D.C. 2010), the agency need only "demonstrate logically how the release of [it] might create risk of circumvention of the law," *Blackwell*, 646 F.3d at 42 (quoting *Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1194 (D.C. Cir. 2009)).

When the Court previously considered the DEA's Exemption 7(E) withholdings, it distinguished between information described as part of the DEA's "internal system of developing criminal activity information and intelligence," ECF No. 36-1 ¶ 32, and a more nebulous category of "material" and "information" that "would reveal sensitive, non-public references to the DEA's Agents' Manual." ECF No. 52 at 13 (cleaned up); *see also* ECF No. 57-1 at 1–2. The Court granted Defendants summary judgment as to all but the latter. ECF No. 52 at 13–14. So now that Defendants have clarified that there is no separate latter category, it is self-evident that no category of withholdings remain. ECF No. 55-2 ¶ 10. In other words, the Court has already found *all* the DEA's Exemption 7(E) withholdings proper.

Even if the Court had not yet ruled on the specific withholdings Kowal identifies—"quantitative and qualitative drug classification criteria for violators, derived from the DEA Agents' Manual," as well as "assessments of numerical class of drug violator and internal drug violator codes, also derived from the DEA Agents' Manual"—Defendants have shown that they are protected by Exemption 7(E). ECF No. 57-2 at 5. Such information plainly "relates to law enforcement techniques, policies, and procedures." *Showing Animals Respect & Kindness*, 730 F. Supp. 2d at 199; *Long v. ICE*, 149 F. Supp. 3d 39, 49 (D.D.C. 2015) ("internal database codes, fields, and other types of identifiers used by law enforcement agencies to conduct, organize, and manage investigations and prosecutions qualify, at least, as law enforcement guidelines, if not also law enforcement methods and techniques"). And Defendants have sufficiently shown how release of the information "might risk circumvention of the law." *Blackwell*, 646 F.3d at 42; *see* ECF No.

4

55-2 ¶ 9; *Blackwell*, 646 F.3d at 42 (finding that similar statements "suffice[] . . . to justify invocation of Exemption 7(E)").

Kowal's primary response is that the withheld information is not "generally unknown" to the public. ECF No. 57-2 at 6. She claims that "information about the DEA's file organization and classification codes can be found in many numerous publicly available sources." *Id.* But the Court found similar arguments unpersuasive the last time around. ECF No. 52 at 13 n.5. And it reaches the same conclusion here. *See Pub. Citizen v. Dep't of State*, 11 F.3d 198, 201 (D.C. Cir. 1993) ("[A] plaintiff asserting that information has been previously disclosed bears the initial burden of pointing to specific information in the public domain that duplicates that being withheld," and "show[ing] that similar information has been released" is insufficient.); *Afshar v. U.S. Dep't of State*, 702 F.2d 1125, 1130 (D.C. Cir. 1983) ("In many cases, the very fact that a known datum appears in a certain context or with a certain frequency may itself be information that the government is entitled to withhold."); *see also Fitzgibbon v. CIA*, 911 F.2d 755, 766 (D.C. Cir. 1990).

All in all, the Court agrees with Defendants that the DEA's Exemption 7(E) withholdings have been sufficiently justified. And now that Defendants have shown that *all* the DEA's Exemption 7(E) withholdings are proper, the Court will also find that the DEA released all "reasonably segregable portions" of the documents at issue, for same the reasons already explained as to all the other withholdings. ECF No. 52 at 15-16; *see id.* at 16 n.7. Kowal, for her part, raises no challenge to segregability at this point.

5

## IV. Conclusion

For the above reasons, the Court will grant Defendants' Motion for Summary Judgment and deny Kowal's Cross-Motion. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 2, 2022